UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA VILLACRES CAMPOVERDE,
*on behalf of herself and others similarly situated*,

                 Plaintiff,

-v-

GVR HOSPITALITY, LLC, *et al.*,

                 Defendants.

25-CV-4019 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

On July 1, 2025, Plaintiff filed a notice of voluntary dismissal of this Fair Labor Standards Act ("FLSA") case without prejudice. (ECF No. 8.) Plaintiff is advised that, if this dispute was resolved by some form of settlement, she may not dismiss this action with or without prejudice unless the settlement agreement has been approved by either the Court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (extending *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) to cases of voluntary dismissal without prejudice). The parties are directed to file, by July 16, 2025, a letter motion indicating (1) whether or not the FLSA claim in this case was settled, and (2) if so, why the proposed settlement is fair and reasonable. Discussion of the settlement's fairness and reasonableness should reference, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

1

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees. *Cheeks*, 796 F.3d at 203, 206. Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *Id.* at 206.

The parties are directed to file a letter or stipulation, stating whether a settlement was reached, and, if so, including the information above, on or before July 16, 2025. All other filing deadlines and conference dates are adjourned *sine die*.

SO ORDERED.

Dated: July 2, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge